IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-545 T
(Chief Judge Damich)

PLATINUM TRADING, LLC, by and through
WILLIAM B. GUZY, A Partner Other
Than The Tax matters Partner,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

---

# ANSWER

---

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies that this civil action is brought under 26 U.S.C. § 6226(a). Avers that this civil action is brought under 26 U.S.C. § 6226(b). Avers that the remaining allegations set forth in paragraph 1 are plaintiffs' characterization of their claim, but denies that plaintiff is entitled to any relief.

2. Admits that Platinum Trading has an EIN of 13-4079144, as alleged in the first sentence of paragraph 2. With respect to the allegations of the second sentence of paragraph 2, admits only that Platinum Trading filed a partnership return for federal income tax purposes and denies the implied allegation that Platinum Trading was a valid partnership. Admits the

allegations of the fourth sentence of paragraph 2. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 except to admit that the period of limitations for issuance of the FPAA with respect to Platinum Trading had not expired.

5-8. Admits the allegations of paragraphs 5 through 8, except to state that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of Guzy's address.

9. Admits that the United States is the defendant. The remaining allegations of paragraph 9 are legal conclusions to which no response is required.

10. With respect to the first sentence of paragraph 10, admits only that one of Platinum Trading's notice partners seeks a review of the determinations made in the FPAA; denies that any tax was erroneously and illegally collected; and further denies that any adjustment to partnership items and penalty amounts reflected in the FPAA were erroneous. Admits the allegations of the second, third and fourth sentences of paragraph 10.

11. Denies plaintiff's characterization of the FPAA in that the FPAA speaks for itself. Admits that plaintiff disputes all adjustments and explanations in the FPAA, but denies that those adjustments and explanations are erroneous.

12. Denies the allegations in paragraph 12 as stated, and avers only that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1508.

13. Admits the allegations in the first two sentences of paragraph 13. With respect to the third sentence of paragraph 13, states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation that the deposit represents the amount by which Guzy's tax liability would be increased under the adjustments asserted in the FPAA.

14. Admits that the allegations set forth in paragraph 14 are the alleged assignments of error made by plaintiff with respect to the FPAA, but denies that the adjustments in the FPAA was in error and denies that the allegations correctly characterize the FPAA in all respects.

15. Defendant responds to the several allegations of paragraph 15 as follows:

a-ii. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15a-ii.

jj. Denies the allegations in paragraph 15jj.

kk-nn. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15kk-nn.

oo. Denies the allegations in paragraph 15oo.

pp. Denies the allegations in the third sentence of paragraph 15pp. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15pp.

qq-ss. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15qq-ss.

tt. Avers that the allegations in paragraph 15tt are conclusions of law to which no response is required.

uu-ww. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15uu-ww.

xx-bbb. Denies the allegations in paragraphs 15xx-bbb.

16-17. Avers that the statements in paragraphs 16 and 17 are conclusions of law to which no response is required.

18. Denies that the Final Partnership Administrative Adjustment improperly adjusts "non-partnership items," and further:

a. Avers that the statement in paragraph 18a is a conclusion of law to which no response is required.

b. Admits that plaintiff so contests, but denies that plaintiff is entitled to any relief.

c-d. Avers that the statements in paragraphs18c-d are conclusions of law to which no response is required.

e. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18e.

f. Avers that the statements in paragraph18f are conclusions of law to which no response is required.

g. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18g.

h. Denies the allegations in paragraph 18h.

i-j. Avers that the statements in paragraphs18i-j are conclusions of law to which no response is required.

k. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18k.

l. Avers that the statements in paragraph18*l* are conclusions of law to which no response is required.

m. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18m.

n. Denies the allegations of paragraph 18n.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments to Platinum Trading Partners II made by the FPAA are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 7th day of September, 2005, been made on plaintiff's attorney by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas P. Fitzgerald, Esq.
Winston & Strawn, L.L.P.
35 West Wacker Drive
Chicago, IL 60603

s/David R. House
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6440