**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PLATINUM TRADING, LLC,<br>by and through William B. Guzy,<br>A Partner Other Than the Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-545T<br><br>Chief Judge Edward J. Damich |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated May 4, 2006, the parties file this Joint Status Report with respect to how they propose to proceed with this case. Defendant's counsel has reviewed this report and has authorized Plaintiff's counsel to file it on behalf of both parties.

Background

On October 20, 2005, the Plaintiff filed a Motion to Stay Proceedings Pending the Decision in *Jade Trading, LLC et al. v. United States*, Fed. Cl. No. 03-2164T, a case which is currently pending in this Court before Judge Mary Ellen Coster Williams. On October 27, 2005, this Court granted the Plaintiff's Motion to Stay, which was unopposed by the Defendant.

On April 27, 2006, Judge Williams stayed *Jade Trading* pending the decision of the Court of Appeals for the Federal Circuit in *Coltec Industries, Inc. v. United States*, 62 Fed. Cl. 716 (2004); Fed. Cir. No. 05-5111. Thereafter, on May 4, 2006, this Court stated that it "no longer believes it is efficient or prudent for this case to remain stayed," and ordered the parties to indicate how they propose to proceed.



1697240.1

Plaintiff's Position

The Plaintiff continues to believe that the stay in this case serves judicial economy. See, e.g., Haustechnik v. United States, 34 Fed. Cl. 740, 745 (1996) (staying proceedings pending outcome of a German suit because it served, *inter alia*, judicial economy); Northrop Corp. v. United States, 27 Fed. Cl. 795, 803-805 (1993) (same). This Court determined that this case should be stayed because this case and *Jade Trading* share common issues of law and fact in that both cases involve common parties and a similarly structured transaction. Because of the factual similarities between this case and *Jade Trading*, the Plaintiff believes that the outcome of *Jade Trading* will likely be dispositive of this case. The reasons to stay this case pending the decision in *Jade Trading* still exist and the stay of *Jade Trading* should not operate to remove the stay in this case. Moreover, the principals of judicial economy that stayed *Jade Trading*; that is, awaiting the *Coltec Industries* decision on the economic substance test so as to apply such test in *Jade Trading*, are also relevant to this case. Thus, the Court should continue the stay in this case until the decisions in *Jade Trading* and *Coltec Industries* are issued.

Additionally, the outcome of *Coltec Industries* and *Jade Trading* will likely reduce the scope of any discovery sought by the parties in this case in the event that this case goes forward after those decisions. See Northrop, 27 Fed. Cl. at 803-805; see also Corning Glass Works v. United States, 220 Ct. Cl. 605, 605 (1979) (granting a stay in order "to avoid duplicative discovery proceedings."). If the stay is not continued, the parties will be required to proceed with discovery that addresses all potential legal and factual issues, which will be costly and time consuming to both the parties and this Court. See Far West Federal Bank, 930 F.2d 883, 891 (Fed. Cir. 1991) ("In today's climate of burgeoning litigation and strained resources, duplication of litigation serves no congressional purpose; it squanders judicial, governmental,

and private resources."). Because the decisions in *Coltec Industries* and *Jade Trading* are likely to significantly narrow, if not eliminate, the issues and simplify the proceedings in this case, this case should be stayed until the decisions in those cases are rendered.

The Plaintiff realizes that this Court has an interest in the timely disposition of cases on the Court's docket. The Plaintiff notes that continuing the stay in this case pending the decision in *Jade Trading* will not significantly delay these proceedings because a decision in *Coltec Industries* is expected in the near future, and the *Jade Trading* decision will be issued thereafter. Moreover, because the *Jade Trading* decision is likely to simplify the proceedings in this case, less time and attention of this Court will be required to dispose of this case if the stay is maintained.

The Plaintiff stands ready to participate in the telephonic status conference that the Court ordered for June 9, 2006 to discuss in detail why the Plaintiff believes that the stay should continue in this case.

Defendant's Position

Defendant agrees that it would be reasonable for the stay to continue in this matter. It is possible, although not certain, that decisions in both *Coltec Industries v. United States*, 62 Fed. Cl. 716 (2004), on appeal, Fed. Cir. No. 05-5111, and *Jade Trading v. United States*, Fed. Cl. No. 03-2164 T, could enable the parties to narrow the discovery required for this case and provide some instruction as to the legal analysis of the case.

Plaintiff is correct that *Jade Trading* and this case involve similar questions of law, and that there are some factual similarities between the two cases in that both are "Son of BOSS" cases arising from the tax shelter promotion of BDO-Seidman and Sentinel Advisors LLC. They are not the only such cases already pending in this court: *K2 Trading Ventures v.*

*United States*, Fed. Cl. No. 04-1419T, is pending before Judge Mary Ellen Coster Williams (as is *Jade)*; *Evergreen Trading v. United States*, Fed. Cl. No. 06-123T is pending before Judge Francis Allegra; and *Arbitrage Trading v. United States*, Fed. Cl. No. 06-202T, is pending before Judge Emily Hewitt. (In addition, in *Tiger's Eye Trading v. United States*, Fed. Cl. No. 05-864T, Senior Judge Loren Smith has suspended the case in light of a jurisdictional dispute.) With *Jade*, *K2*, *Evergreen*, and *Arbitrage* now being actively litigated, the Government does not propose that the Court should now oversee yet another litigating vehicle for this BDO-Sentinel version of the "Son of BOSS" tax shelter.[1]

Defendant also believes that the legal issue regarding the economic substance of the transaction potentially at issue here is similar to that presented in *Coltec Industries*.

While it is possible that decisions in *Jade Trading* and *Coltec Industries* could streamline the discovery process in this case, the government cannot warrant that this would happen. If a decision handed down in *Jade Trading* or *Coltec Industries* does not, from the government's perspective, streamline the discovery needed in this case, then we may propose that this case requires an 18-month discovery period. Again, it is impossible to predict the

[1]The Government does not currently treat these BDO-Sentinel cases as "related" to each other, for purposes of Rule 40.2. We did move to consolidate *Jade* and *K2* (which were already before the same Judge) on October 21, 2004, but the motion was denied. Thereafter, we have not noticed any of the cases as indirectly related nor attempted to have any of the cases transferred or consolidated. Each case involves a distinct partnership that engaged in its own (similar) shelter transaction. Further, the individuals owning at least 95% of the interests in the partnerships are unique to each individual case. It is true that Sentinel Advisors LLC is the managing partner of each of the partnerships (except *K2*), and that under 26 U.S.C. section 6226(c) "each person who was a partner ... shall be treated as a party". (In *K2*, the managing partner is a Sentinel affiliate New Vista LLC, and the majority partners are individuals who are associated with Sentinel.) However, the overlapping partners own only a small minority interest in the partnerships. For this reason, we have not deemed the BDO-Sentinel cases to be "directly related" under Rule 40.2(a), which would have required us to file the mandatory notice. Paragraph 2 of the plaintiff's complaint in *Arbitrage* alleges that that case is "indirectly related" to *Jade Trading*, but we have not made the (permissive) notice of indirect relation.

factual findings or legal holdings which will form the basis of the Courts' future decisions in *Jade Trading* and *Coltec Industries*.

Despite the above caveats, the government concurs in Plaintiff's Motion for Stay. In addition to the possibility, though an uncertain one, that decisions in *Jade Trading* and *Coltec Industries* would enable the parties to narrow the discovery required for this case and provide some instruction as to the legal analysis of the case, the potential remains that the United States may seek a stay of proceedings in this matter in the future, and did not wish to appear disingenuous by objecting to plaintiff's motion for stay only to have to itself move for a stay in the future, albeit on different grounds. The United States Attorney's Office for the Southern District of New York has continued its request that it be kept apprised of the proceedings in this action in order to ensure that this action does not adversely affect its pending criminal investigations. Thus, the potential that the government may seek a stay in the future if the criminal matter and this case intersect remains.

Dated this 12th day of May, 2006

Respectfully submitted,

PLATINUM TRADING, LLC

By: s/Thomas P. Fitzgerald
Thomas P. Fitzgerald
Attorney of Record
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5845 tel.
(312) 558-5700 fax

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document was made on this 12th day of May, 2006, by electronically filing a copy with the Court under the CM/ECF system with notification of such filing to opposing counsel, David R. House, Esquire, and by mailing copies thereof, in postage prepaid envelopes, to the tax matters partner at the following addresses:

Sentinel Advisors, LLC
Tax Matters Partner
Platinum Trading, LLC
546 Fifth Avenue
New York, NY 10036

Sentinel Advisors, LLC
Tax Matters Partner
Platinum Trading, LLC
68 Carman Avenue
Cedarhurst, NY 11516

s/Karen M. Kowalski
Karen M. Kowalski
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-7564 tel.
(312) 558-5700 fax