**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PLATINUM TRADING, LLC,<br>by and through William B. Guzy,<br>A Partner Other Than the Tax Matters Partner, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-545 T |
| UNITED STATES OF AMERICA, | ) | Chief Judge Edward J. Damich |
| Defendant. | ) | |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Order of this Court entered February 7, 2008, the parties file this Joint Status Report with respect to how they wish to proceed in light of the recent opinion in <u>Jade Trading, LLC, et al. v. United States</u>, Fed. Cl. No. 03-2164T. Defendant's counsel has reviewed the contents of this report and has authorized Plaintiff to file it as a joint report.

On December 21, 2007, the Court of Federal Claims entered its decision in favor of the Government in <u>Jade Trading</u>. On December 26, 2007, judgment was entered. On January 4, 2008, the Tax Matters Partner of <u>Jade Trading,</u> Sentinel Advisors, LLC ("Sentinel Advisors"), filed a motion for leave to participate and for leave to file a motion to reconsider the Court's decision as to application of the negligence penalty. On February 26, 2008, Jade Trading's appeal of the December 26, 2007 judgment was docketed with the Court of Appeals for the Federal Circuit. However, appellate proceedings were stayed pending the resolution of Sentinel Advisor's Motion for Reconsideration in the Court of Federal Claims. On March 20, 2008, the Court of Federal Claims issued a Memorandum Opinion and Order which denied Sentinel

Advisor's Motion for Reconsideration. The Plaintiff and Defendant respond to the Court's several questions as follows:

1. Appeal of Jade Trading and the factual and legal issues on appeal.

Under Federal Circuit Rule 31(a), Jade Trading's initial brief must be filed within 60 days after the docketing of its appeal and the Government's brief must be filed within 40 days after service of Jade Trading's brief. Because the parties have not yet filed their appellate briefs, as of the date of the filing of this Report, the Plaintiff and Defendant are unable to report to this Court regarding the precise factual and legal issues that the Jade Trading appeal will concern. However, they believe that a decision by the Federal Circuit would be instructive to, if not determinative of, the resolution of the issues in this case.

Plaintiff recommends the stay continue in this case pending a decision by the Court of Appeals for the Federal Circuit in Jade Trading for reasons stated in its Motion to Stay dated March 16, 2006.

Defendant's position is that the transaction at issue in this case is a carbon copy of that presented in Jade Trading and was promoted by the same entities. It appears from reading Plaintiff's complaint that this case involves spreads in euro options similar to those presented in Jade Trading. The Tax Matters Partner in Jade Trading – Sentinel Advisors – is the same Tax Matters Partner in this case. Among the issues decided by the Jade Trading Court was whether the transaction lacked economic substance. The decision on that issue is at the basis of the Court's opinion in Jade Trading, and will most likely be appealed. The FPAA in this case similarly highlights the issue of whether the transaction lacked economic substance. Thus, Defendant believes that the Federal Circuit's resolution of Jade Trading will govern the outcome of this case.

2. Denial of Sentinel Advisor's Motion for Reconsideration.

Plaintiff's position is that the decision of the Court of Federal Claims with respect to Sentinel Advisor's Motion for Reconsideration is not relevant to the factual or legal issues in this case.

Defendant's position is that the denial of Sentinel Advisor's Motion for Reconsideration and Clarification does not affect the proposed stay of this case. Defendant does take the position that the Jade Trading Court's ruling on whether the negligence penalty was properly imposed at the partnership level is relevant to this case and will, at a minimum, be instructive here.

3. Stay pending completion of proceedings in *United States v. Stein*, Docket No. S05-888.

With respect to the question of whether the Court should extend the stay of proceedings in this case pending completion of proceedings in the criminal case in the Southern District of New York, *United States v. Stein*, Docket No. S05-888, the United States Attorney's Office for the Southern District of New York has not requested the Government seek such a stay. Defendant's position is that while the tax shelter utilized in the present case is of similar type to one of those at issue in the *Stein* case, there do not appear to be common witnesses or documents which would interfere with the criminal proceeding. The United States Attorney's Office for the Southern District of New York continues to request that it be kept informed of the proceedings in this case due to possible impact on other tax investigations that office is conducting. At this time, there is nothing upon which to base a motion for stay in this case, although that may change as both this case and the tax investigations continue.

4. Proposed length of further deferment of proceedings.

Based on the foregoing, Plaintiff and Defendant would propose to file a Joint Status Report with this Court within 30 days of the issuance of a decision with respect to the Jade Trading case by the Court of Appeals for the Federal Circuit.

5. Additional matters.

On a separate matter, Plaintiff reports that on or about June 19, 2006, the Internal Revenue Service (the "Service") retained $74,834.95, and, on or about September 17, 2007, retained $65,010.56 (the "Refunds"), which represented refunds of tax due William Guzy for taxable year 2005 and 2006, respectively, taxable years not subject to this proceeding. The Service applied the Refunds to interest due on the tax assessed Guzy for taxable year 2001, a year that is subject to this proceeding. Because of this action by the Service with respect to the Refunds, Plaintiff will file a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refunds. These claims are procedural in nature given that the basis for such claims has been stated in the existing Complaint.

In the event Plaintiff files a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refunds, Defendant expects to object on the basis that the Court lacks jurisdiction to order a refund to a partner in an action brought under TEFRA for the redetermination of adjustments made in a final notice of administrative adjustment to partnership items. At this time, Defendant's attorneys lack knowledge or information sufficient to form a

belief in the truth of Plaintiff's allegations that on or about September 17, 2007, the Service retained the amount of $65,010.56 and applied it to Mr. Guzy's 2006 taxable year.

Respectfully submitted,

s/Robert F. Denvir
Robert F. Denvir
Attorney of Record
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5765 tel.
(312) 558-5700 fax